DAUKSCH, Chief Judge.
This is an appeal from an order dismissing a complaint with prejudice. As a final order, it is appealable under Florida Rule of Appellate Procedure 9.030(b)(1)(A). The complaint alleged fraud and deceit in regard to appellee’s, and other’s, home improvement business. Various defendants were served process and their cases were disposed of by the court in a default judgment.
One defendant, appellee John Franta, had not been served when the default judgment was rendered so the cause of action against him was not terminated by the judgment. He was later served and sought to have the case dismissed because he said the court no longer had any jurisdiction over the subject matter of the lawsuit since it had been settled and a release had been executed as to one defendant and it was terminated by the default judgment as to the other served defendant. The court dismissed the complaint as to John Franta, in accordance with Franta’s request.
We must reverse the order dismissing the complaint as to John Franta because neither the release in favor of E. T. Lee solely, nor the default judgment as to Robert Franta, were effective to terminate the action against John Franta. In fact, John Franta had not even been served with process at the time the release was executed and the judgment rendered. Although appellee has not favored us with a brief we can tell from his motions in the trial court that he is of the opinion that the release of one tortfeasor is the release of all. That is not so and section 768.041(1), Florida Statutes (1979), is applicable.[1] Additionally, the release is explicit in its terms as being applicable only to E. T. Lee.
REVERSED AND REMANDED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.

. “A release or covenant not to sue as to one tortfeasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tortfeasor who may be liable for the same tort or death.”