631 So.2d 312 (1994)
Alexander ABBATE, Appellant,
v.
PROVIDENT NATIONAL BANK, a National Banking Association, Appellee.
No. 93-1281.
District Court of Appeal of Florida, Fifth District.
January 21, 1994.
*313 J. Patrick Knight and Freeman W. Barner, Jr. of Cromwell, Pfaffenberger, Dahlmeier, Barner & Griffin, North Palm Beach, for appellant.
Nicholas A. Buoniconti, III and Thomas B. Smith of Maguire, Voorhis & Wells, P.A., Orlando, for appellee.
COBB, Judge.
This is a non-final appeal from an order denying the defendant Alexander Abbate's motion to dismiss or to abate for lack of personal jurisdiction due to insufficiency of service of process.
Provident National Bank (bank) initiated this lawsuit by filing suit against Related Partners Properties, Inc. (RPP) in Orange County Circuit Court to foreclose two second mortgages on apartment complexes located in Orange County, Florida. Subsequently, the bank amended its complaint to add Abbate and one Michael Forte as party defendants based upon their personal guarantees of certain of RPP's obligations to the bank in connection with the mortgaged property.
The plaintiff bank caused a summons and the amended complaint to be served on Abbate in Palm Beach County, Florida, by Charles D. Smith, a process server certified to serve process in Palm Beach County.
Smith executed an affidavit of service which was filed with the Orange County Circuit Court on September 16, 1992. This affidavit reflects that the summons was received by Smith on August 10, 1992, and was served on Abbate on August 25, 1992 at 1:10 p.m. in Palm Beach County, Florida, by delivering copies of the summons and amended complaint to Abbate. The affidavit further recites that Smith is a certified process server in Palm Beach County.
Abbate filed a motion to dismiss or abate, asserting, inter alia, lack of personal jurisdiction and insufficiency of service of process. The trial court denied the motion.
The object to be accomplished by service of process is to advise the defendant that an action has been commenced against him and warn him that he must appear within a certain time and at a certain place to make such defense as he has. Gribbel v. Henderson, 151 Fla. 712, 10 So.2d 734 (1942), aff'd, 153 Fla. 397, 14 So.2d 809 (1943) (en banc). Jurisdiction is perfected by the proper service of sufficient process. Space Coast Credit Union v. The First, F.A., 467 So.2d 737 (Fla. 5th DCA 1985).
Chapter 48, Florida Statutes, regulates process and service of process. These statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings. Henzel v. Noel, 598 So.2d 220 (Fla. 5th DCA 1992). The burden of proving the validity of service of process is on the plaintiff. Id.
Section 48.021(1), Florida Statutes, establishes three categories of persons by whom process may be served in Florida. These persons include a sheriff, a person appointed by the sheriff in the sheriff's county (known as a special process server) and a certified process server appointed by the chief judge of the circuit court. Additionally, Florida Rule of Civil Procedure 1.070 provides that *314 service of process may be made by a person appointed by court order, known as an elisor. See Petition of Stoll, 309 So.2d 190 (Fla. 1st DCA 1975).
The lawsuit here was filed in Orange County. Service was undertaken in Palm Beach County by a certified process server certified by the chief judge for Palm Beach County. Sections 48.25-48.31, are known as the "Florida Certified Process Servers Act." Section 48.27, Florida Statutes, entitled "Certified process servers" provides:
(1) The chief judge of each judicial circuit may establish an approved list of natural persons designated as certified process servers. The chief judge may periodically add to such list the names of those natural persons who have met the requirements for certification provided for in s. 48.29. Each person whose name has been added to the approved list is subject to annual recertification and reappointment by the chief judge of a judicial circuit.
(2) The addition of a person's name to the list authorizes him to serve initial non-enforceable civil process on a person found within the circuit when a civil action has been filed against such person in the circuit court or in a county court in the circuit. Upon filing an action in circuit or county court, a person may select from the list one or more certified process servers to serve initial nonenforceable civil process.
(3) Nothing herein shall be interpreted to exclude a sheriff or deputy or other person appointed by the sheriff pursuant to s. 48.021 from serving process or to exclude a person from appointment by individual motion and order to serve process in any civil action in accordance with Rule 1.070(b) of the Florida Rules of Civil Procedure. (Emphasis added).
Under Florida law, all process of all courts run throughout the state. § 48.011, Fla. Stat. Thus, process can be issued in one county and served in any other county in the state. Linger v. Balfour, 102 Fla. 591, 136 So. 433 (1931).[1] The defendant concedes the sheriff of Palm Beach County or his designee or even an elisor could have served him in Palm Beach County, but claims that a certified process server appointed by the chief judge of the Palm Beach Circuit Court could not. Since it is well settled that: (1) all process of all courts run throughout the state, and (2) certified process servers are authorized by law to serve process, then logically a process server certified in one county would be authorized to serve process originating from another judicial circuit unless section 48.27, Florida Statutes restricts such authority.
The defendant asserts that the language of subsection 48.27(2) restricts a certified process server to service of civil process on a person found within the judicial circuit where the lawsuit was filed. The plaintiff counters that under the legislative scheme, a certified process server may serve process on any person found in the circuit where the process server is certified.
Section 48.27 is not a model of clarity and has been described by Trawick as "ridiculous," "another of the ill conceived and poorly written revisions by the Florida Sheriff's Association." Trawick, Florida Practice & Procedure, § 8.4 n. 15. The clear implication of Trawick's remark is that the Florida Certified Process Servers Act was enacted by the legislature at the request of the state's sheriffs to relieve some of the burdens associated with service of civil process.
Under section 48.27(1), the chief judge of each circuit may establish a list of persons who meet the requirements for certification as a process server as set out in section 48.29.[2] According to section 48.27(2), such a certified process server is authorized:
to serve initial non-enforceable civil process[3] on a person found within the circuit when a civil action has been filed against *315 such person in the circuit court or in the county court in the circuit. Upon filing an action in circuit or county court, a person may select from the list one or more certified process servers to serve initial non-enforceable civil process.
The statutory language indicates that a certified process server may serve civil process on a person found within the circuit only when the action also has been filed against that person in the same circuit. One reason for this restriction may be, as the defendant claims, that it permits easy verification of service of process by the clerk or judge of the circuit in which the action is pending by reference to the chief judge's approved list of certified process servers.
The plaintiff argues that the narrow construction of section 48.27 could not have been intended but fails to offer a cogent explanation of the underlined language. The plaintiff asserts that since under section 48.021 process can be served by the sheriff of the county where the person to be served is found, a certified process server should be able to be used whenever service is to be made on a person found in the circuit where the process server is certified. However, the legislature has apparently seen fit to restrict certified process servers to service in the judicial circuit where they are certified and where the lawsuit has been filed.
The plaintiff asserts that the purported rationale behind the restriction, the ease of verifying service of process, is illusory given that the guidelines for certification of a process server are set statewide in section 48.29(3)(a)-(h). However, even the plaintiff concedes that chief judges have "some leeway in determining who will ultimately be certified in each circuit," so that mere reference to the statutory criteria is inadequate to determine the legal authority of one claiming to be a certified process server.
The plaintiff alternatively asserts that verification could be achieved by a letter or telephone call to the clerk of the judicial circuit where service was effectuated. However, such an awkward and cumbersome procedure was likely not intended by the legislature.
The plaintiff further argues that to narrowly construe section 48.27(2) would place an undue burden on the sheriff's departments of each judicial circuit. It may be that legislative revision is necessary to the statute if broader authority for certified process servers was intended by the legislature.
Finally, the plaintiff asserts a harmless error argument, that service of process is designed to assure that a defendant is given notice of the institution of civil proceedings against him and that this was done here. This argument, however, runs counter to the overwhelming law in Florida that strict compliance with the statutes governing service of process is required. Baraban v. Sussman, 439 So.2d 1046 (Fla. 4th DCA 1983). Absent strict compliance with the statutes governing service of process, the court lacks personal jurisdiction over the defendant. Sierra Holding, Inc. v. Inn Keepers Supply Co., 464 So.2d 652 (Fla. 4th DCA 1985).
REVERSED.
W. SHARP and DIAMANTIS, JJ., concur.
NOTES
[1] Indeed, a circuit court may penalize a sheriff of a county in another circuit for unauthorizedly refusing to serve a summons. See e.g., Sweat v. Waldon, 123 Fla. 478, 167 So. 363 (1936).
[2] Section 48.29(3)(a)-(h) contains basic qualifications for certified process servers.
[3] Trawick says there is no such thing as "initial nonenforceable civil process." Trawick, § 8-4, n. 15.