PER CURIAM.
Larry Cheshire appeals from orders denying his motions to dismiss for insufficient service of process.[1] For the following reasons, we reverse.
In 1996, plaintiffs sued Cheshire, a resident of Alachua County, in Dade Circuit Court. Cheshire was served in Alachua County by a process server appointed by the sheriff of Marion County. Cheshire moved to dismiss for insufficient service of process, specifically alleging that the process server was not authorized to serve him in Alachua County. In both cases, the trial court denied the motions to dismiss, and in doing so, erred.
Section 48.021(3), Florida Statutes (1995), provides that “[a] special process server appointed in accordance with this section shall be authorized to serve process in only the county in which the sheriff who appointed him or her resides_” (Emphasis added). Here, the process server was authorized to serve process only in Marion County. Service on Cheshire was thus legally defective, even though he received actual notice of the suit filed in Dade County. See Abbate v. Provident Nat’l Bank, 631 So.2d *431 312, 315 (Fla. 5th DCA 1994) (it is “overwhelming law in Florida that strict compliance with the statutes governing service of process is required”). A harmless error analysis does not apply. Id.
Reversed and remanded for further consistent proceedings.

. The orders stem from two related actions filed against him by different plaintiffs.