PER CURIAM.
This appeal arises from an order of the trial court denying Appellant’s motion to quash service. Appellant raises two points on appeal: (1) that service was not perfected within the 120-day window provided in Florida Rule of Civil Procedure 1.070; and (2) that service was rendered invalid because he was served by a process server certified in a different county than the one where the action originated, in violation of section 48.27(2), Florida Statutes.
Regarding the first point, the trial court found that there was good cause excusing the failure to perfect service within 120 days. We find no abuse of discretion, and affirm as to this issue without further comment.
As to the second issue, Appellant correctly states that under section 48.27(2), Florida Statutes, for service by a private process server to be valid, the server must be certified in the county where the action originated. See Abbate v. Provident Nat’l Bank, 631 So.2d 312 (Fla. 5th DCA 1994). However, the record before us reflects that a deputy sheriff properly served Appellant before the order on appeal was entered. As Appellee correctly states, the issue is moot since proper service has now been accomplished.
We AFFIRM and REMAND for consideration on the merits.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.