719 So.2d 374 (1998)
FARREY'S WHOLESALE HARDWARE CO., INC., Appellant,
v.
HOBESOUND INDUSTRIAL PARK, INC., et al., Appellees.
No. 97-2705.
District Court of Appeal of Florida, Third District.
October 21, 1998.
Louis L. LaFontisee, Jr., Miami, for appellant.
Jack F. Townsend, III, Jupiter, for appellees.
Before NESBITT, SHEVIN and SORONDO, JJ.
PER CURIAM.
Farrey's Wholesale Hardware Co., Inc. (Farrey's) appeals the lower court's Order granting Hobesound Industrial Park, Inc. (Hobesound), Jack Townsend, III (Mr. Townsend), and Imperial Manufacturing of Hobesound, Inc.'s (Imperial) Motion to Set Aside Final Judgment. The facts are as follows.
Farrey's sued Hobesound and Imperial in Dade County Circuit Court for $25,244.48 in goods and materials sold and delivered. Mr. Townsend was joined as the personal guarantor of payment to Farrey's for these items.
Imperial was served by the Leon County Sheriff's department on July 24, 1992, by serving Capital Connection, Inc., its resident agent. A sworn return of service was executed by a deputy sheriff and filed with the trial court. Imperial did not file any response to the Summons and Complaint. The trial court entered a Default Final Judgment against Imperial on October 2, 1992. A copy was mailed to Imperial.
Hobesound was served by serving Townsend's wife, Nancy Townsend (Mrs. Townsend), the Secretary and Treasurer of Hobesound, on September 26, 1992, at 12:30 p.m. by David R. Bonilla, who is certified to serve process in Palm Beach and Dade Counties, as shown on her sworn return of service. Mr. Townsend was also served on September 26, 1992 by David Bonilla by serving Mrs. Townsend at their residence, as confirmed by his sworn return of service.
The trial court entered a Final Default Judgment against Hobesound and Jack Townsend on December 3, 1992. Copies of the judgment were sent to each of these defendants.
On December 2, 1994, approximately two years later, Mr. Townsend filed a Motion to Vacate Final Judgment, pro se, and on behalf of Hobesound and Imperial. The Motion attached various exhibits, including an affidavit of Mrs. Townsend and two pages from her diary, noting that on the day of the alleged service upon her she was shopping, and therefore she could not have been served.
A hearing on the motion was held, and the trial court took the matter under advisement. Thereafter, the trial court prepared and entered its own Order Granting Motion to Set Aside Final Judgment on August 15, 1997. *375 By its Order, the trial court overturned and set aside as non-existent the service on all three defendants, finding that they had carried their burden of proof by clear and convincing evidence, overcoming the presumption of validity of service. The Default Final Judgments against the defendants were vacated as void, and this appeal followed.
Both parties now agree that service on Imperial was valid. They disagree, however, with respect to the service on Hobesound and Mr. Townsend. After a review of the record, we find that the evidence produced by defendants regarding service of process was not clear and convincing and could not overcome the presumption of validity of service on Mr. Townsend and Hobesound as reflected by the return of service and the testimony of the process server. However, applying the "Tipsy Coachman" rule,[1] we find that the trial court reached the correct result in vacating the Default Final Judgment, albeit for the wrong reason.
Our review of the record discloses that the process server was not qualified to serve process on these defendants in Palm Beach County, according to sections 48.27(1) and 48.27(2), Florida Statutes (1997). These sections provide in pertinent part:
(1) The chief judge of each judicial circuit may establish an approval list of natural persons designated as certified process servers....
(2) The addition of a person's name to the list authorizes him or her to serve initial nonenforceable civil process on a person found within the circuit when a civil action has been filed against such person in the circuit or in a county court in the circuit....
(emphasis supplied). Here, the action was filed in Dade County Circuit Court, the process server was certified in Palm Beach and Dade Counties, and Mr. Townsend and Hobesound were served in Palm Beach County. Thus, the service was legally defective.
In Abbate v. Provident Nat'l Bank, 631 So.2d 312 (Fla. 5th DCA 1994), the plaintiff bank caused a summons to be served on the defendant in Palm Beach County. The case was filed in Orange County. The process server was certified to serve process in Palm Beach County. The court held that since the case had been filed in Orange County and service was carried out by a certified private process server in a different circuit, service was invalid.
The Abbate court relied on sections 48.27(1) and 48.27(2) in support of its decision. Furthermore, the court rejected the bank's harmless error argument, stating:
This argument runs counter to overwhelming law in Florida that strict compliance with the statutes governing service of process is required. Absent strict compliance with the statutes governing service, the court lacks personal jurisdiction over the defendant.
Abbate at 315 (citations omitted).
While we cannot agree with the reasoning of the trial court below, because the record reflects that the service of process here was defective, we affirm the lower court's Order setting aside the Default Final Judgment against defendants Mr. Townsend and Hobesound and reverse the Order with respect to defendant Imperial.
NOTES
[1] The "Tipsy Coachman" rule provides that if the lower court assigns an erroneous reason for its decision, the decision will be affirmed where there is some other reason or basis to support it. See Carraway v. Armour & Co., 156 So.2d 494 (Fla. 1963).