WARNER, J.
 

 Jose Vidal appeals from a non-final order denying his motion to quash service of process. He claims that service was defective because the process server failed to note the time of service on the copy of the complaint served. Because the requirement to note the time on a copy of the complaint is a statutory requirement of service, and strict compliance with statutory requirements of service is mandated, we conclude that failure to note the time of service renders the service defective. We therefore reverse.
 

 Vidal obtained an equity line of credit from SunTrust. Subsequently SunTrust filed a complaint against Vidal for breach of contract to recover damages of $86,000. Vidal was served with a copy of the complaint and summons on April 25, 2009, by substitute service on his girlfriend at his residence. The process server placed his initials and the date of service on the copy delivered to the girlfriend but did not record the time of service on the copy of the complaint left with the girlfriend. The return of service fully complied with the statutory provisions contained in section 48.21, Florida Statutes, and noted the date and time of service; that the person at Vidal’s place of abode was over the age of 15 years; and that the process server had informed the person served of the contents of the complaint as well as leaving a copy of the complaint with her.
 

 Vidal filed a motion to quash service of process on grounds that service was insufficient because the time of service was not noted on the complaint. SunTrust opposed the motion, arguing that the return of service filed by the process server noted the time even if the copy served on Vidal’s girlfriend did not. The trial court denied the motion, and Vidal appeals.
 

 Vidal contends that where a party fails to comply with the statute on service of process, service is defective and must be quashed. We review questions of law by a
 
 de novo
 
 standard of review.
 
 See S. Baptist Hosp. of Fla., Inc. v. Welker,
 
 908 So.2d 317, 319 (Fla.2005).
 

 Strict compliance with the statutory provisions governing service of process is required in order to obtain jurisdiction over a party.
 
 See Schupak v. Sutton Hill Assocs.,
 
 710 So.2d 707, 708 (Fla. 4th DCA 1998);
 
 Sierra Holding, Inc. v. Inn Keepers Supply Co.,
 
 464 So.2d 652, 654 (Fla. 4th DCA 1985);
 
 Baraban v. Sussnian,
 
 439 So.2d 1046, 1047 (Fla. 4th DCA 1983). This strict observance is required in order to assure that a defendant receives notice of the proceedings filed.
 
 See
 
 
 *403
 

 Electro Eng’g Products Co., Inc. v. Lewis,
 
 352 So.2d 862, 865 (Fla.1977). As we noted in
 
 Haney v. Olin Corp.,
 
 245 So.2d 671, 672 (Fla. 4th DCA 1971), “The major purpose of the constitutional provision which guarantees ‘due process’ is to make certain that when a person is sued he has notice of the suit and an opportunity to defend.”
 

 Section 48.031(l)(a), Florida Statutes, which sets forth the requirements for service of process, provides:
 

 (l)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.
 

 In 2004 the Legislature amended the statute to include a requirement of noting the time and date of service on the copy delivered to the person to be served. Section 48.031(5), Florida Statutes, provides:
 

 (5) A person serving process shall place, on the copy served, the date and time of service and his or her identification number and initials for all service of process.
 

 Since at least 1971, Florida Rule of Civil Procedure 1.070(e) required that “[t]he date and hour of service shall be endorsed on the original process and all copies of it by the person making the service.” It appears that the statute as amended in 2004 incorporates the long-standing requirement of the rule.
 

 The requirements contained in section 48.031(l)(a) have the purpose of assuring that notice is given to the defendant when the defendant is not personally served. The process server must leave it at the person’s “usual place of abode,” with a person at least fifteen years of age who is also a resident. One can assume that the Legislature considered a person of that age or older sufficiently mature that the complaint would be delivered to the person to be served. In addition, to assure that the person upon whom substituted service is sufficiently apprised of what he or she is receiving, the statute requires that the process server orally inform the person who receives service of the contents of the complaint. These requirements insure that notice is conveyed to the defendant.
 

 The provisions of section 48.031(5) do not appear to have anything to do with assuring notice to the defendant. Noting the time and date of service on the copy of the summons left with the person to be served does not insure that the defendant receives due process notice. Nevertheless, where other requirements for service of process, which do not directly implicate due process, have been violated, courts still have determined that service is defective, and no jurisdiction has been obtained over the defendant. For instance, section 48.021 provides who may serve process. Where service is made by a person not legally authorized to serve process, service is defective, and jurisdiction is not acquired over the person, even though the defendant received actual notice of the suit.
 
 See Cheshire v. Birenbaum,
 
 688 So.2d 430, 430-31 (Fla. 3d DCA 1997);
 
 Abbate v. Provident Nat’l Bank,
 
 631 So.2d 312, 315 (Fla. 5th DCA 1994).
 

 Although no case has ever dealt with the failure to include the notation of time of service on the copy of the complaint left with the served party, the Legislature has deemed it to be a requirement of service. As strict compliance with all of the statutory requirements for service is required, the failure to comply with the statutory terms means that service is defective, resulting in a failure to acquire jurisdiction over the defendant.
 

 
 *404
 
 While SunTrust disdains such a requirement as trivial, it should direct its comments to the Legislature which included the provision in the statutory requirements. Having looked to the case law, the commentary on the rule, and the reports prepared by the legislative staff on the 2004 amendments, we could find no explanation for the requirement that the time of service be noted on the copy delivered to the party. However, we might infer that such a requirement is intended to assure the integrity of service of process. A process server makes a return of service which is filed with the court. It includes the date and time of service. The return should match the information noted on the served copy.
 

 Some statutes require that process be served within certain hours. For example, section 48.031(3)(b), which deals with subpoena of a criminal witness, requires that three attempts to serve be made at “different times of the day or night on different dates.” Along similar lines, service made pursuant to section 48.031(2)(b) allows substitute service on a sole proprietorship at his or her place of business during regular business hours. The notation of time on the copy being served would reflect whether the service was made “during regular business hours.” Requiring that the process server note the time of service on the copy being served assures that the party has the necessary information to contest the validity of service in both of these examples. In addition, the time notation provides additional information regarding service to assure that proper service has been documented.
 

 The legislative direction is clear and unambiguous. It is not for the court to disregard the specific statutory language. The service of process was defective, and the court erred in denying the motion to quash service.
 

 During the pendency of this appeal, SunTrust requested relinquishment of jurisdiction to re-serve Vidal. This court granted the motion “to allow for issuance of an alias summons and attempt at service of process.” The Clerk of Court then issued an alias summons, and Vidal was served. SunTrust argues that its re-service of Vidal upon relinquishment of jurisdiction by this court renders any decision in this case moot. We disagree. Vidal filed a motion to quash that service of process, which is still pending. He also alleges that SunTrust could not make the second service without the first service being quashed. Rule 1.070(b) provides, in pertinent part: ‘When any process is returned not executed or returned improperly executed for any defendant, the party causing its issuance shall be entitled to such additional process against the un-served party as is required to effect service.” Because issues remain as to whether the second service was proper and authorized, we conclude that the second service does not render this appeal moot. The validity of the original service must first be determined before the trial court can rule on the pending motion.
 

 For the foregoing reasons, we hold that the service of process on Vidal was defective. We reverse and remand for further proceedings.
 

 TAYLOR and MAY, JJ., concur.