GERBER, J.
The defendant appeals the circuit court’s non-final order denying his amended motion to quash service of process. He argues that the court erred because the process server placed certain statutorily-required notations on only the copy of the summons served, and not on the copy of the complaint served. We disagree with the defendant’s argument. We hold that process servers must place the statutorily-required notations on only the copy of the summons served, and not on the copy of the complaint served. To the extent we inadvertently suggested to the contrary in Vidal v. SunTrust Bank, 41 So.3d 401 (Fla. 4th DCA 2010), and Kwong v. Countrywide Home Loans Servicing, L.P., 54 So.3d 1033 (Fla. 4th DCA 2011), we write to clarify those opinions accordingly.
We write this brief opinion in three parts. First, we analyze the two service of process statutes which are relevant here. *659 Second, we review our previous opinions in Vidal and Kwong. Third, we clarify those opinions to- definitively articulate that a process server must place the statutorily-required notations on only the copy of the summons served, and not on the copy of the complaint served. In writing this opinion, our review is de novo. See Vidal, 41 So.3d at 402 (appellate court reviews de novo questions of law as to whether a party has complied with the statutes on service of process or whether service is defective and must be quashed).
Section 48.031(l)(a), Florida Statutes (2010), provides, in pertinent part:
Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.
§ 48.031(l)(a), Fla. Stat. (2010) (emphases added). By section 48.031(l)(a)’s plain language above, the “copy of it ” refers to the previously-mentioned “original process,” that is, the summons, and not the later-mentioned “copy of the complaint.” See Hill v. Davis, 70 So.3d 572, 575-76 (Fla.2011) (“[I]f the meaning of the statute is clear then this Court’s task goes no further than applying the plain language of the statute.”) (citations and quotations omitted).
Section 48.031(5), Florida Statutes (2010), provides: “A person serving process shall place, on the copy served, the date and time of service and his or her identification number and initials for all service of process.” § 48.031(5), Fla. Stat. (2010) (emphasis added). Although section 48.031(5) does not expressly state whether its use of the terms “process” and “the copy served” refers to the summons, the complaint, or both, we conclude that section 48.031(5)’s use of the terms “process” and “the copy served” refers to only the summons and not the complaint. We reach this conclusion by reading section 48.031(5) in pari materia with section 48.031(l)(a). See Fla. Dep’t of State, Div. of Elections v. Martin, 916 So.2d 763, 768 (Fla.2005) (“The doctrine of in pari materia is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature’s intent.”) (citation omitted). As mentioned above, section 48.031(l)(a)’s plain language differentiates between “a copy of [original process],” i.e., the summons, and “a copy of the complaint.” Applying that differentiation to section 48.031(5), which refers to placing the required notations on the “copy served” of the “process,” i.e., the summons, we conclude that under section 48.031(5), a process server must place the required notations on only the copy of the summons, and not on the copy of the complaint.
We now turn to our previous opinions in Vidal and Kwong. In Vidal, the plaintiffs process server effected service on the defendant. We wrote that, in effecting such service, “[t]he process server placed his initials and the date of service on the copy delivered ... but did not record the time of service on the copy of the complaint.” 41 So.3d at 402. The defendant moved to quash service, arguing that service “was insufficient because the time of service was not noted on the complaint.” Id. The circuit court denied the motion. On the defendant’s appeal, we held that a process server’s failure to note the time of service on the process served rendered service defective. Id. In reaching this holding, however, we used the terms “complaint” and “summons” interchangeably instead of using only the proper term “summons.” Compare id. at 402 (“Because the require *660 ment to note the time on a copy of the complaint is a statutory requirement of service, and strict compliance with statutory requirements of service is mandated, we conclude that failure to note the time of service renders the service defective.”), with id. at 403 (“Noting the time and date of service on the copy of the summons left with the person to be served does not insure that the defendant receives due process notice.”) (emphasis added).
In Kwong, where another defendant argued that service was insufficient because the process server “failed to note ... the time of service on the process served,” we agreed with the defendant’s argument and cited Vidal in support. Kwong, 54 So.3d at 1034. However, we did not define what we meant when we referred to “the process served.” We also did not address that, in Vidal, we used the terms “complaint” and “summons” interchangeably instead of using only the proper term “summons.”
We now clarify Vidal and Kwong to resolve any confusion which those opinions inadvertently may have created. We hold that under section 48.031(5), a process server must place the required notations on only the copy of the summons, and not on the copy of the complaint. To the extent in Vidal we used the terms “complaint” and “summons” interchangeably instead of using only the proper term “summons,” we clarify Vidal to refer to only the proper term “summons.” To the extent Kwong relied on Vidal, we clarify Kwong accordingly.
Turning to the merits of this case, because the process server here placed “the date and time of service and his or her identification number and initials” on the copy of the summons served, the process server satisfied section 48.031(5). Thus, the circuit court properly denied the defendant’s amended motion to quash service.

Affirmed.

[1]

TAYLOR and CIKLIN, JJ., concur.

. In 2011, the Florida Legislature amended section 48.031(5) as follows: "A person serving process shall place, on the first page of at least one of the processes served, the date and time of service and his or her identification number and, initials for all service of process.” § 48.031(5), Fla. Stat. (2011) (emphasis indicating amendment). This amendment is not relevant to our foregoing opinion.