MAY, J.
A borrower petitions for a writ of prohibition seeking to prevent the trial court from proceeding with the foreclosure action in which he is the named defendant.[1] He argues that the trial court lacked jurisdiction to authorize issuance of a pluries (third) summons where his motion to quash the prior service remained pending. In another pending non-final appeal from *1187 the same case, the petitioner has raised essentially the same argument. We sua sponte consolidate the two cases. We deny the petition and affirm the non-final appeal.
The lender served the initial summons in January 2014. In August ,2014, the trial court granted the petitioner’s motion to quash service. An alias (second) summons issued, but was returned unserved. The lender then constructively served the petitioner by publication in November 2014.
In February 2015, the petitioner moved to quash the constructive service of process. In June 2015, the lender moved to authorize a pluries summons and direct the clerk to issue the summons. The lender sought to re-serve the complaint to moot the petitioner’s challenge to constructive service of process.
The trial court allowed another summons to issue, which was served on the petitioner. In August 2015, the petitioner moved to quash this re-service and the pluries summons. The trial court heard the two motions in September 2015.
The trial court ruled that the February 2015 motion to quash the constructive service was rendered moot by service of the pluries summons. The court held an evi-dentiary hearing and denied on the merits the August 2015 motion to quash service of the pluries summons. From these orders, the petitioner appealed on October 15, 2015.
The petitioner then moved the trial court to abate the foreclosure proceedings, arguing the trial court lacked subject matter and personal jurisdiction due to the pending appeal. In November 2015, the trial court denied the motion to abate and ordered the petitioner to respond to the complaint within ten days. The petitioner then moved to dismiss the amended complaint, which the trial court denied in February 2016. The trial court again ordered the petitioner to respond to the complaint within ten days.
The petitioner moved for enlargement of time and for reconsideration. In March 2016, the trial court denied the motion for reconsideration and again ordered the petitioner to file an answer no later' than March 9, 2016. This petition followed on March 13, 2016.
A discretionary writ of prohibition may issue only where a petitioner demonstrates that the circuit court clearly lacks subject matter jurisdiction. English v. McCrary, 348 So.2d 293, 296 (Fla.1977). Here, the petitioner has failed to make the necessary showing.
The petitioner relies on language from our decision in Vidal v. SunTrust Bank, 41 So.3d 401, 404 (Fla. 4th DCA 2010), where we reversed an order denying a motion to quash service because the process server failed to note the time of service on the copy of the complaint served. His reliance is misplaced. In Vidal, we simply held “that failure to note the time of service render[ed] the service defective.” Id. at 402. Vidal does not support the petitioner’s position that service of an alias or pluries summons is unauthorized where a challenge to prior service remains pending.
The petitioner also refers to our recent opinion in Miceli v. Bank of New York Mellon Trust Co., N.A., 193 So.3d 12, 12 (Fla. 4th DCA 2016), in which we affirmed an order determining that a motion to quash service of process was moot based on “re-service” of a subsequent summons. There, the alleged error was not preserved for appeal. Id. To the extent Vidal and Miceli can be used to suggest a trial court is required to rule on the validity of prior service before considering- a challenge to “re-service,” we make clear there is no such requirement.
*1188 Many of the petitioner’s arguments were rejected fifty years ago in Sunrise Beach, Inc. v. Phillips, 181 So.2d 169 (Fla. 2d DCA 1966). There, a corporate defendant moved to dismiss an action based on insufficiency of service of process. Id. at 170. The defendant produced an affidavit from the person served, attesting that he had resigned from the company prior to service of process and that plaintiff knew that before suit was filed. Id. The trial judge denied the motion to dismiss, and the corporate defendant-appealed. Id.
The plaintiff then obtained and served an alias summons on the corporate defendant’s president. Id. The corporate defendant moved to quash service of the alias summons, arguing the clerk lacked authority to issue the summons due to the defendant’s appeal of the non-final order and the posting of a supersédeas bond. Id. at 170-71. The trial court-denied the motion, and the defendant again appealed. Id. at 171.
In a consolidated appeal, the Sunrise "court reversed the denial of the first motion to quash because service on the former vice-president did not confer personal jurisdiction over the corporate defendant. Id. át 171, 174. However, the court affirmed the order denying the motion to quash service of the alias summons. Id. The court, rejected the argument that the elerk was precluded from issuing the alias summons.
It does not appear logical to state that merely because Sunrise Beach, Inc., had purportedly, been served with process, a .second service of process was precluded when there was some doubt as to the validity of the first service. Moreover, -issuance of an ‘insurance summons’ has received tacit approval by our Supreme Court in two recent decisions, Punta Gorda Ready Mixed Concrete, Inc. v. Green Manor Const. Co. Inc., Fla.1964, 166 So.2d 889, and Klosenski v. Flaherty, Fla.1959, 166 [116] So.2d 767, 82 A.L.R.2d 664.
Sunrise Beach, Inc., 181 So.2d at 171.
Sunrise ■ stands for four important principles: (1) the procedure formerly employed under, section 50.03, Florida Statutes, no longer controls; (2) the rules of procedure do not preclude issuance of an alias summons until a prior summons was returned unexecuted or,returned improperly; (3) an appeal from the order denying the first motion to quash does not deprive the circuit court of jurisdiction; and (4) posting a supersedeas bond does not invalidate the alias summons. Id. at 172-74.
In Hotel & Restaurant Employees & Bartenders International Union v. Lake Buena Vista Communities, Inc., 349 So.2d 1217, 1218 (Fla. 4th DCA 1977), disapproved on other grounds by Public Gas Co. v. Weatherhead Co., 409 So.2d 1026, 1026 n. 1 (Fla.1982), we rejected the contention that, under rule 1.070(b), an alias summons may not issue until the original summons is returned unexecuted or improperly served. “[W]hen the original summons is not returned, an alias summons can be authorized by the'Court. The proper procedure is to file a motion to obtain such authorization, alleging the need for alias summons and the reason the original summons has not been returned.” Id.
Here, the validity of the “re-service” has already been determined to be valid after an evidentiary hearing. The motion to quash the original service is therefore moot. The petitioner’s suggestion that the trial court lost jurisdiction when he appealed from the denial of the motions to quash service is simply unsupported by law. It is also contrary to the *1189 plain language of Florida Rule of Appellate Procedure 9.130(f):
In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing, except that the lower tribunal may not render a final order disposing of the cause pending such review absent leave of the court.

Id.

An appeal of an order determining jurisdiction of the person does not deprive the trial court of subject matter jurisdiction over the dispute. There is no error in the trial court’s rulings, and no basis for exercising extraordinary writ jurisdiction, in this case. “[Pjrohibition will not lie to review the correctness of an order of a trial court overruling a challenge to its jurisdiction over the person of a defendant where that court has jurisdiction over the subject matter of the suit.” State ex rel. Eli Lilly & Co. v. Shields, 83 So.2d 271, 272 (Fla.1955) (citing State ex rel. Atlanta Paper Co. v. Kerin, 80 So.2d 331, 331 (Fla.1955)).[2]
A plaintiff should be able to correct purported problems with service of process by re-serving a summons. If subsequent service of process is valid, then any challenge to the sufficiency of a prior service is moot. The language in the rule upon which the petitioner relies provides:
When any process is returned not executed or returned improperly executed for any defendant, the party causing its issuance shall be entitled to such additional process against the unserved party as is required to effect service.
Fla. R. Civ. P. 1.070(b). Nothing in rule 1.070(b) suggests that a trial court lacks authority to issue an alias or pluries summons merely because the original summons has not been quashed or returned unserved. Issuance of an additional summons is not precluded.by the rule. The petitioner cites no authority supporting his position.
It is well-settled that the fundamental purpose of the service of process statute “is to give the person affected notice of the proceedings and an opportunity to defend his rights.” Shurman v. Atl. Mortg. & Inv. Corp., 795 So.2d 952, 954 (Fla.2001). This purpose has been served here as thé petitioner is well aware of the proceedings and, although given the opportunity to defend, has chosen to avoid doing so.
The delay, caused by the motions to quash service has come to an end, We deny the petition in Case No. 4D16-835 and affirm the appeal in Case No. 4D15-3875.

Petition denied in Case No. 16-8S5; Affirmed in Case No. 15-3875.

WARNER and KLINGENSMITH, JJ., concur.

. The circuit court case number listed on the petition and appendix (502010CA029097) is incorrect. All the documents in the appendix reflect case number 2013CA018198XXXMB. The circuit court’s docket shows that the 2010 case number listed on the petition belongs to another defendant.

. Similarly, the petitioner's argument that he may unintentionally waive his challenge to personal jurisdiction by defending against the action is baseless as the Florida Supreme Court resolved this issue in Shields more than sixty years ago. 83 So.2d at 272 (holding that a defendant who has properly challenged personal jurisdiction is "not prejudiced by participation in the trial and defending the matter on the merits and may have the correctness of such ruling reviewed upon appeal after adverse final judgment in the cause should one so be rendered”).