# Third District Court of Appeal

## State of Florida

Opinion filed November 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1595
Lower Tribunal No. 15-251

_____

**Angela Kelly,**
Petitioner,

vs.

**Vivian Torres, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Prohibition.

Tammi A. Calarco, P.A., and Tammi A. Calarco, for petitioner.

Xander Law Group, P.A., and Wayne R. Atkins, for respondent Vivian Torres.

Before SUAREZ, SALTER, and SCALES, JJ.

SUAREZ, J.

Angela Kelly petitions for a writ of prohibition against the Eleventh Judicial Circuit Court judge presiding over the case of Vivian Torres, as plenary guardian of Manuel Rosario Romero v. Ana R. Romero and Angela F. Kelly, et al., case no. 2015-00251-CA01. We deny the petition.

In her efforts to recover $423,607.91 alleged to have been wrongfully obtained by Ana Romero ["Romero"] and Angela Kelly ["Kelly"] from Manuel Romero, his plenary guardian Vivian Torres ["Torres"] brought a complaint against Romero and Kelly to recover the funds. The circuit court entered a default judgment against Romero for the full amount. Romero no longer had the funds, which apparently had been transferred to Kelly. After significant effort, Torres located Kelly and attempted to have her served, but was unable to complete service because Kelly sought to evade service of process and to avoid every attempt at bringing her to court.

Kelly filed a motion to dismiss the initial complaint for alleged insufficient service of process; the trial court denied the motion and ordered Kelly to answer the complaint. Kelly then filed a petition for certiorari in this Court seeking to quash that order. The petition was denied. Subsequently, the trial court entered an "Agreed Order" granting Torres leave to amend the complaint against Kelly. Kelly then filed this petition for a writ of prohibition to prevent the trial court from continuing the suit against her, claiming lack of both subject-matter and personal jurisdiction.

A discretionary writ of prohibition may issue only where a petitioner demonstrates that the circuit court acted without jurisdiction or in excess of its jurisdiction. English v. McCrary, 348 So.2d 293, 296 (Fla.1977). Here, where the trial court has both subject matter jurisdiction and personal jurisdiction over the

defendant, prohibition is not the appropriate mechanism to test the correctness of the order below. See State ex rel. Eli Lilly & Co. v. Shields, 83 So. 2d 271 (Fla. 1955) (holding prohibition is not available to prohibit a court from exercising personal jurisdiction over a party when the court has subject-matter jurisdiction over the case); Cruz v. Citimortgage, Inc., 197 So. 3d 1185 (Fla. 4th DCA 2016).

Kelly argues that the trial court lost jurisdiction over her when it issued the default judgment against her co-defendant Romero because Kelly had not been served at the time that judgment issued. A default judgment against one co-defendant, however, is not effective to terminate the cause of action against a co-defendant who was not served with process until after the judgment was rendered. Calhoun v. Lee, 405 So. 2d 1067 (Fla. 2d DCA 1981). Further, the mere entry of a default is not the equivalent of a judgment, nor is it a final disposition: "a default does not affect the status, rights, or liability of a codefendant." 49 C.J.S. Judgments § 272 (Sep. 2018 update). In fact the record shows that Kelly was not served with the initial complaint because she strenuously evaded service of process. In any event, the trial court determined that the 2015 default judgment was, in effect, a partial judgment against Romero, and Kelly was a named defendant. Now that there is service of process against Kelly and an *agreed* order granting Torres leave to amend the complaint, Torres can proceed against Kelly.[1] Kelly has the option to seek a remedy on appeal from a final judgment.

---

[1] The record reflects that the theft of $423,607.91 from the elderly ward meets the jurisdictional $15,000 subject-matter threshold of the circuit court.

3

We find no basis for prohibition in any of the points raised and deny the petition.

**ANY POST-OPINION MOTION MUST BE FILED WITHIN SEVEN DAYS.  A RESPONSE TO THE POST-OPINION MOTION MAY BE FILED WITHIN FIVE DAYS  THEREAFTER.**