NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALFRED BARR, )
                      )
          Appellant, )
                      )
v. )      Case No. 2D18-3091
                      )
SHAINA THORPE and THORPE & )
THORPE, P.A., )
                      )
          Appellees. )
_____ )

Opinion filed September 25, 2019.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Elizabeth G. Rice, Judge.

Alfred Barr, pro se.

Shaina Thorpe of Thorpe & Thorpe, P.A.,
Tampa, for Appellees.


LaROSE, Judge.


       Alfred Barr challenges six nonfinal orders on appeal. We dismiss the

appeal as to Mr. Barr's challenge to the trial court's order granting Thorpe & Thorpe,

P.A.'s motion to dismiss the original complaint for failure of service, without prejudice,

and the trial court's order denying Mr. Barr's motion for reconsideration of that order.

See Cruz v. Citimortgage, Inc., 197 So. 3d 1185, 1189 (Fla. 4th DCA 2016) ("A plaintiff

should be able to correct purported problems with service of process by re-serving a

summons.  If subsequent service of process is valid, then any challenge to the sufficiency of a prior service is moot."); see, e.g., Diaz v. First Capital Corp., 771 So. 2d 598, 600 (Fla. 3d DCA 2000) (concluding that the service of process issue was moot where the Appellee cured the alleged infirmity by properly re-serving the Appellant during the pendency of the appeal); Dickinson v. Dickinson, 706 So. 2d 114, 114 (Fla. 1st DCA 1998) ("[T]he record before us reflects that a deputy sheriff properly served Appellant before the order on appeal was entered.  As Appellee correctly states, the issue is moot since proper service has now been accomplished.").

The appeal of the remaining orders is dismissed as being from nonfinal, nonappealable orders.  See Fla. R. App. P. 9.130(a)(3) (enumerating the types of appealable nonfinal orders).

Dismissed.


MORRIS and SLEET, JJ., Concur.