BERANEK, Judge.
This is an appeal by plaintiff, Motor Club of America Insurance Company, from a final declaratory judgment finding that the appellant carrier had uninsured motorist insurance coverage of $100,000. Various other coverage issues between other parties were also determined, but we need not consider these points. We affirm.
The issue at the non-jury trial concerned the stacking of appellant’s uninsured motorist insurance policy. Plaintiff/appellant relied upon the anti-stacking statute, Section 627.4132, Florida Statutes (1979), effective October 1,1976. The policy in question was issued after the statute’s effective date. After plaintiff rested, the policyholder presented evidence and introduced New Jersey law on the issue of uninsured motorist insurance coverage stacking. The trial court found Florida law inapplicable and allowed stacking based on New Jersey law. The policy and the parties had various contacts with the State of New Jersey which we need not explore in detail.
Appellant contends Florida law would have produced a different result and that the court erred in applying New Jersey law. Appellee contends that no proper objection was made to New Jersey law; therefore, even if the court erred in allowing New *11 Jersey law in evidence, the issue was not preserved for appeal.
We have searched the record and carefully read the transcript and find no objection sufficient to allow our consideration of the issue. The error, if any, was simply unob-jected to. Holmes v. School Board of Orange County, 301 So.2d 145 (Fla. 4th DCA 1974), cert. denied 312 So.2d 755 (Fla.1975). Indeed, appellant’s counsel’s comments indicate his acquiescence in the trial court’s consideration of New Jersey law. Nelson v. Reliance Insurance Company, 368 So.2d 361 (Fla. 4th DCA 1978).
The judgment is hereby affirmed.
AFFIRMED.
GLICKSTEIN, J., and SIMONS, STUART M., Associate Judge, concur.