459 So.2d 449 (1984)
Jack A. YODER and Phyllis Yoder, His Wife, Appellants/Cross-Appellees,
v.
Venancio A. ADRIATICO, Jane Adriatico and Juan Adriatico, Appellees/Cross-Appellants.
No. 83-838.
District Court of Appeal of Florida, Fifth District.
November 23, 1984.
Aldo Icardi of Icardi Law Offices, P.A., Winter Park, for appellants/cross-appellees.
James M. Magee of Neduchal & Magee, P.A., Orlando, for appellees/cross-appellants.
COBB, Chief Judge.
This appeal evolves from a boundary dispute between two families, the Adriaticos and the Yoders, and a confusion at the trial level of the distinction between an action for malicious prosecution and one for abuse *450 of process. The underlying facts show that Vanancio Adriatico, together with his wife, Jane Adriatico, and son, Juan Adriatico, owned real property in Seminole County which they cultivated as an orange grove. Immediately to the east of their property is an eight-acre tract owned by Jack and Phyllis Yoder, whose west boundary line is the east line of the Adriatico property.
A few feet inside the west boundary line of the Yoder property exists a barbed-wire fence extending north and south across the length of the property. Both parties thought that they owned the fence and the property on the west side of it, encompassed in the Yoders' legal description. On either side of the fence, but within the Yoder boundary and running along the length of the fence, were a number of chinaberry and cherry trees.
In May of 1980, Juan and Jane Adriatico began cutting back the trees along the fence line in order to stop the spread of the tree seeds, which they felt were interfering with the production of their orange trees. A dispute erupted between the two families in regard to this action, resulting in the sheriff ultimately being called.
Subsequently, the Adriaticos embedded concrete posts near the front of the Yoder property. The posts were approximately ten feet in length and weighed approximately 200 pounds each. The Adriaticos testified that these posts were to be emplanted to establish a corner post for extension of a fence for their property. The Yoders felt that the posts obstructed their entrance lane. Phyllis Yoder had the posts removed and refused to return them to the Adriaticos upon demand. As a result, Juan Adriatico filed an affidavit and complaint with the state attorney against Phyllis Yoder, resulting in her arrest on a charge of petit theft. This charge was nolle prossed by the state attorney, thus terminating the action in her favor.
The Yoders then filed a civil complaint against the Adriaticos alleging trespass and malicious prosecution. The Adriaticos filed an answer and counterclaimed for trespass, "civil theft," and abuse of process. Based upon a jury verdict, a final judgment was entered denying all of the Yoders' claims; awarding Venancio Adriatico damages in the amount of $17,500.00 plus attorney fees for abuse of process; awarding the three Adriatico plaintiffs damages against the Yoders for the theft of personal property (the posts), plus attorney fees; and awarding the Adriaticos punitive damages in the amounts of $1,500.00 against Jack Yoder and $1,000.00 against Phyllis Yoder.
Numerous points are raised on appeal by both the appellants and the appellees, but we find none to merit discussion other than the issue raised by the Yoders challenging the judgment based on abuse of process in favor of Venancio Adriatico. From our review of the counterclaim by the Adriaticos, it is readily apparent that the action for "abuse of process" is actually one for malicious prosecution directed against the Yoders for filing the instant complaint. The tort of malicious prosecution is concerned with maliciously causing process to issue, whereas the tort of abuse of process is concerned with the improper use of process after it issues. Nash v. Walker, 78 So.2d 685 (Fla. 1955); Cazares v. Church of Scientology of California, Inc., 444 So.2d 442 (Fla. 5th DCA 1983); Peckins v. Kaye, 443 So.2d 1025 (Fla. 2d DCA 1983); McMurray v. U-Haul Co., 425 So.2d 1208 (Fla. 4th DCA 1983). In the instant case, there was no evidence to support the tort of abuse of process.
On appeal, the Adriaticos contend that, in the absence of a motion for directed verdict at the close of the evidence, the Yoders have not preserved the issue of the sufficiency of the evidence to support the award for abuse of process for appellate review. They point out that the Yoders did not object to the instructions to the jury in regard to "abuse of process," even though the instruction was patently erroneous, and apparently described malicious prosecution. This issue, argue the appellees, has not been preserved for appeal. See Middelveen v. Sibson Realty, Inc., 417 So.2d 275 *451 (Fla. 5th DCA 1982), review denied, 424 So.2d 762 (Fla. 1982).
In response the Yoders, while admitting that they filed no motion for directed verdict, contend that the question of the sufficiency of the evidence to support the verdict was preserved by their motion for new trial, relying upon Ruth v. Sorensen, 104 So.2d 10 (Fla. 1958). The appellants concede that they did not object to the jury instructions as being improper, and do not rely on that issue in regard to this appeal. Based upon Ruth,[1] we find that the issue of sufficiency of the evidence has been preserved for appeal.
The appellees also argue that whether their action was for abuse of process or for malicious prosecution is immaterial at this point in time if the verdict is supportable on any theory presented to the jury, in the absence of an objection below. This argument fails because, although abuse of process may be brought as a counterclaim in the same action, the tort of malicious prosecution requires, as an element, the prior termination of that claim. Thus, malicious prosecution may not be brought as a counterclaim, as happened here. Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160 (Fla. 3d DCA 1981); Blue v. Weinstein, 381 So.2d 308 (Fla. 3d DCA 1980).
The question then arises as to whether the Yoders have waived any objection to the Adriatico claim for malicious prosecution, misnomered abuse of process, being pursued in the same action as the counterclaim by reason of the failure to timely raise any such objection at the trial level. The Adriaticos assert that this was an error invited by the Yoders, citing Motor Club of America Ins. Co. v. Landa, 388 So.2d 10 (Fla. 4th DCA 1980), and Behar v. Southeast Banks Trust Co., N.A., 374 So.2d 572 (Fla. 3d DCA 1979), review denied, 379 So.2d 202 (Fla. 1980).
While it is true that the erroneous jury instruction as to the definition of the tort of abuse of process may have been invited, in part, by the failure of the Yoders to object, the primary fault for injecting this inapplicable tort into the trial below must rest with the Adriaticos. They insisted, throughout the lower court proceedings, on characterizing the filing of the Yoder complaint against them as abuse of process, and the case was presented on that basis at all times to the trial judge and to the jury. In other words, the case was tried on the wrong tort from beginning to end. This approaches, if it does not constitute, fundamental error, unlike the factual situations in Motor Club (a question of the applicability of Florida or New Jersey law), or Behar (propriety of a property disposition induced, in part, by stipulation of the parties). In any event, we find that the issue of sufficiency of the evidence of abuse of process has been preserved for our review, and that the invited error doctrine does not preclude our determination that there was no such evidence.
We therefore reverse the judgment awarding Venancio Adriatico damages, attorney fees and costs based on abuse of process; the judgment below otherwise is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings consistent with this opinion.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] See also Chomont v. Ward, 103 So.2d 635, (Fla. 1958), and Southard v. Johnson, 117 Fla. 666, 158 So. 169 (1934).