FISHMAN, JANE D., Associate Judge.
 

 Appellants Clark Well Drilling, Inc. (Clark Well), and Larry Butcher (Butcher) appeal the judgment of the trial court awarding North-South Supply, Inc. (North-South), $78,625.04, plus costs and attorney’s fees. Because the trial court relied on inadmissible hearsay to determine the amount due, we reverse and remand for a new trial.
 

 Appellee North-South is a wholesale distributor of irrigation, well and pool supplies. In August 2003, Appellant Clark Well signed a credit application for a “courtesy account agreement” with North-South, which Appellant Butcher, the president of Clark Well, personally guaranteed. That agreement permitted Clark Well to charge up to $10,000.00 per month on ac
 
 *151
 
 count, the balance to be paid off by the 10th of the following month. Any amount unpaid by the 10th would accrue interest at 1.5% per month. In addition, the agreement provided that Clark Well and Butcher would be liable for all costs of collection on any unpaid balances, including attorney’s fees.
 

 By the end of 2004 and early 2005, Clark Well’s credit limit had risen to over $27,000.00 and so North-South froze the courtesy account and placed Appellants on a C.O.D. basis wherein Appellants agreed to pay an additional 10% in order to reduce the delinquent credit line balance. The transition to C.O.D. basis meant that Appellant Butcher was to leave a signed blank check at North-South every Monday morning. Purchases made that week would be totaled at week’s end and the amount of the purchases, plus an additional 10%, would be inserted into the check by North-South’s store manager, Mr. Wenz, after advising Appellant Butcher. According to Mr. Wenz, Clark Well and Butcher were unable to meet their financial obligations under the C.O.D. plus 10% agreement. In early 2005, Mr. Wenz agreed to allow Appellants to pay what they could afford weekly, in order to accommodate this valued customer, even though it would be an unauthorized deviation from North-South’s business procedures.
 

 To accomplish this, Mr. Wenz kept handwritten lists of all the items purchased by Appellants. Each week, Wenz would enter only the purchases Appellants could afford to pay for into the computer to generate an order acknowledgement. By failing to put all of the Appellants’ purchases into the computer, Wenz was able to keep his accommodation for Appellants from the main corporate office of North-South. Items that were paid for would be stricken from the handwritten lists. The lists were often condensed and rewritten to keep them concise and up to date.
 

 Prior to an October 2005 inventory audit, Appellants brought their account current so that North-South’s corporate office would not discover that Wenz and Appellants were deviating from Clark Well’s C.O.D. plus 10% status. Thereafter, Wenz started a new handwritten list for Appellants’ orders that was in effect in August 2006. At that time, the business relationship between Clark Well and North-South terminated as a result of a disputed payment. When the parties stopped doing business, the balance on the past due account was alleged to be $14,669.04, and the total amount North-South claimed was due for new purchases in addition to the $14,669.04, was $40,150.45. North-South then brought suit to recover $54,819.54, alleging breach of contract, open account, account stated, and goods sold and delivered.
 

 At trial, North-South relied upon the testimony of Mr. Wenz regarding the handwritten lists he maintained and admitted those lists as business records to establish the amount of its damages, over Appellants’ objection that they did not meet the requirements of business records and were inadmissible hearsay. In addition, Appellants maintained at trial that the payments they had made to North-South were not properly credited and that, at most, Clark Well owed North-South $15,090.52.
 

 A trial court’s decision on the admissibility of evidence is reviewed for abuse of discretion. While trial courts have great discretion in the admissibility of evidence, that discretion is limited by the rules of evidence.
 
 Castaneda v. Redlands Christian Migrant Ass’n., Inc.,
 
 884 So.2d 1087 (Fla. 4th DCA 2004);
 
 Johnson
 
 
 *152
 

 v. State,
 
 991 So.2d 962, 966 (Fla. 4th DCA 2008).
 

 Other than the handwritten lists of Mr. Wenz, no evidence was introduced at trial as to the order, delivery, or receipt of goods by Clark Well. For those hearsay lists to be admissible in evidence, North-South had to establish that they were business records which were admissible as an exception to the hearsay rule under Section 90.803(6), Florida Statutes (2009). A business record may be admitted in evidence where the proponent of the evidence can show that the record was made at or near the time of the event, by a person with knowledge (or from information transmitted by a person with knowledge), that the record was kept in the ordinary course of a regularly conducted business activity and that it was the regular practice of the business to make such records.
 
 Yisrael v. State,
 
 993 So.2d 952, 956 (Fla.2008).
 

 In the present case, Mr. Wenz’ handwritten lists do not meet the requirements of a business record. While Mr. Wenz made the lists at or near the time of the purchases by Appellants, and while he was surely a person with knowledge of the purchases at the time he made the lists, the testimony at trial was incontrovertible that the lists were against company policy, that they were not kept in the ordinary course of North-South’s business, nor was it North-South’s regular practice to make such handwritten records to aid all or any of its customers in temporary financial difficulty.
 

 Nor can it be said that the admission of these hearsay lists was harmless error simply because Appellants made them a feature of the trial and cross examined the witnesses as to these lists in great detail. Although there was ample cross examination and a full opportunity for the court below to judge the credibility of all the witnesses, it is nevertheless clear that the court below relied upon this inadmissible hearsay to determine the amount due under the two separate agreements into which the parties had entered; the courtesy credit agreement and the C.O.D. plus 10% agreement. In its findings of fact and final judgment, the trial court found that
 

 “Defendants owe the Plaintiff $14,669.04 on the past due bill and that the Plaintiff is owed $40,150.45 less $4,740.12 leaving a total of $35,310.33. This reduction of $4,740.12 represents 1,281 feet of four-inch galvanized pipe
 
 that was not accounted for in the notes and the figures provided by the Plaintiff.”
 
 (emphasis supplied).
 

 Because the trial court relied upon inadmissible hearsay to determine the amount due under each of the parties’ agreements, the judgment below is reversed and this matter is remanded to the trial court for a new trial.
 

 Reversed, and, remanded.
 

 GROSS, C.J., and WARNER, J., concur.