DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PATRICK PLACIDE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2744

[April 8, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case No. 9120130CF10A.

Patrick J. Curry, Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Catherine Linton, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the trial court's summary denial of Patrick Placide's untimely and successive motion for postconviction relief. Placide's motion claimed that he has recently discovered new evidence that jurors allegedly engaged in misconduct during his trial in 1992. We conclude that the affidavit alleged to constitute the new evidence is inherently incredible and not properly sworn. In addition, Placide fails to establish a valid exception to the time limitation, as he does not show that he exercised any diligence in investigating this claim, which could have been discovered with due diligence.

Placide was convicted after jury trial in July 1992 for first degree murder, attempted first degree murder, robbery, and burglary of a dwelling. He was sentenced to life for the murder and terms of years on the other counts. This Court affirmed the convictions and sentences in 1995. *Placide v. State*, 652 So. 2d 831 (Fla. 4th DCA 1995) (table) (mandate issued April 21, 1995). The two-year time limit for filing a postconviction motion expired in 1997. Placide has filed a number of

postconviction challenges and appeals, including three prior appeals from the denial of rule 3.850 motions.[1]

In April, 2014, Placide filed this successive and untimely rule 3.850 motion alleging newly discovered evidence and requesting a new trial based on juror misconduct. He claims that in 2013 his family was discussing whether to continue retaining counsel for him for a federal habeas corpus petition challenging the use of restraints during trial. A family friend, Marie Blackwell, who had allegedly attended the trial, happened to be present when two jurors were discussing Placide's appearance in shackles, the jurors indicating that he must be dangerous. The motion was sworn and accompanied by an affidavit from Blackwell.

In the affidavit, Blackwell avers that one female juror questioned the other as to, "Why Patrick was shackled down like that?" The other allegedly responded, "He must be guilty or very dangerous." Blackwell asserts that she was upset and told them he was innocent. She then avers, "I was then worried I might get in trouble for speaking in his defense. . . I wish I would've said something sooner. I recently became informed that as a juror discussing trial matters outside of the trial is against the law." Placide alleges that he first learned of Blackwell's statement in January 2014.

As explained in the state's response below, defendant raised an issue regarding the use of restraints during trial in his successive rule 3.850 motion in 2005. Placide has been aware that he was shackled since the time of trial. The new evidence in this case is the affidavit from a family friend who allegedly overheard jurors talking about the defendant being shackled during trial in 1992. She allegedly revealed this for the first time in 2013 – more than twenty years later.

The trial court denied the motion based on the State's response and denied rehearing. This appeal followed.

Newly discovered facts can provide an exception to the two-year time limit for bringing a postconviction motion where:

> (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or

---

[1] Case numbers 4D03-2945, 4D07-3768, and 4D08-1149.

could have been discovered with the exercise of due diligence[.]

Fla. R. Crim. P. 3.850(b)(1). Placide relies on this exception to excuse the untimeliness of his claim of alleged juror misconduct. Rule 3.850(c) requires: "If the defendant is filing a newly discovered evidence claim based on recanted trial testimony or on a newly discovered witness, the defendant shall include an affidavit from that person as an attachment to his or her motion." We conclude that Blackwell's affidavit, which Placide attached to his motion, is inherently incredible and not properly sworn.

The Florida Supreme Court, and this Court, have recognized that, "there may be cases where, from the face of the affidavit, it can be determined that the affidavit is 'inherently incredible.'" *McLin v. State*, 827 So. 2d 948, 955 (Fla. 2002) (citing *Robinson v. State*, 736 So. 2d 93, 93 (Fla. 4th DCA 1999)); *see also Andrews v. State*, 919 So. 2d 552, 553 (Fla. 4th DCA 2005). This is such a case.

Blackwell in her affidavit asserts that she witnessed the alleged conversation between jurors in the hallway during "the trial recess" in 1992. First, Blackwell does not specify at what point in the proceedings she allegedly witnessed this conversation. Nevertheless, this alone does not make the affidavit inherently incredible. The key factor that leads us to this conclusion is the extreme length of time that elapsed between the alleged event and the witness's reporting.

Blackwell asserts that she witnessed jurors discussing the case in 1992 and that one juror allegedly expressed the belief that the defendant was guilty and must be dangerous because he was shackled. Although she claims that she believed in Placide's innocence and defended it to the jurors, Blackwell alleges she did not report this to anyone until 2013 when she happened to be at Placide's house when his family was discussing the shackling issue. Blackwell states she did not come forward sooner because she allegedly did not know it was improper for the jurors to have this discussion. We are asked to believe that she thought it was appropriate for jurors to prejudge a defendant's guilt and dangerousness. Blackwell asserts that she did not report the conversation to the judge, because she thought she would get in trouble for speaking in his defense. This does not explain, however, why she would not have revealed this information to Placide's trial counsel or to Placide or Placide's family members in the twenty-plus years that followed. The circumstances are simply beyond what any reasonable person could accept as credible.

3

Contributing to our conclusion that the affidavit is incredible, we note that Blackwell has not sworn to her statement under penalty of perjury. The affidavit states: "I SWEAR OR AFFIRM THAT THE ABOVE AND FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF." This statement would be insufficient to constitute a signed, written declaration under section 92.525(2), Florida Statutes (2014). Among other things, a written declaration must state that it is made "[u]nder penalties of perjury." § 92.525(2), Fla. Stat. (2014). The qualifying language, "to the best of my information, knowledge, and belief," is an insufficient oath to support a postconviction motion. *State v. Shearer*, 628 So. 2d 1102, 1103 (Fla. 1993) (holding that the qualifying language that allegations were "true and correct to the best of his knowledge" was insufficient).

The affidavit is further insufficient because it does not reflect that it was sworn to before an individual authorized to administer oaths.

> "An affidavit is by definition a statement in writing under an oath administered by a duly authorized person. . . ." *Youngker v. State*, 215 So. 2d 318, 321 (Fla. 4th DCA 1968) (citing *Black's Law Dictionary*, (4th ed.)). "An oath is an unequivocal act, before an officer authorized to administer oaths, by which the person knowingly attests to the truth of a statement and assumes the obligations of an oath." *State v. Johnston*, 553 So. 2d 730, 733 (Fla. 2d DCA 1989) (citations omitted); *see also Youngker*, 215 So. 2d at 321 ("An oath may be undertaken by any unequivocal act in the presence of an officer authorized to administer oaths by which the declarant knowingly attests the truth of a statement and assumes the obligation of an oath.") (citation omitted).

*Crain v. State*, 914 So. 2d 1015, 1019 (Fla. 5th DCA 2005). Section 92.50(1), Florida Statutes (2014), recognizes that an affidavit must be sworn to before a person authorized to administer oaths. *Id.*; *see also Jackson v. State*, 881 So. 2d 666, 668 (Fla. 5th DCA 2004).

Blackwell's purported oath contains improper qualifying language that equivocates as to the truth of the statement and is not made under penalty of perjury. The statement signed by the notary provides only: "I, the undersigned Notary Public, do hereby affirm that Marie Blackwell personally appeared before me on the 20th of MARCH 2014, and signed the above Affidavit as his [sic] free and voluntary act and deed." The notary affirms merely that Blackwell signed the statement, not that she made the

4

statement under oath. Thus, the statement is not properly verified and is insufficient to support a newly-discovered-evidence claim.

Finally, we conclude that Placide's claim fails on its face as the issue could have been discovered with due diligence and raised in a timely manner. Placide does not allege anywhere that he exercised any diligence in investigating possible juror misconduct at any time in the twenty years before Blackwell made her statement. Yet, Placide first raised his claim regarding shackling in 2005. The thrust of that claim was that the jury may have been prejudiced against him based on seeing him in shackles during trial. Placide does not allege that he used any diligence in seeking to discover whether any jurors saw him in shackles when he brought those proceedings in state and federal courts. The information in this case comes in the form of hearsay from a family friend, not from a juror, and there is no allegation that this friend was unavailable to Placide, Placide's lawyer, or his family in the more than twenty years before the information materialized in 2013.

Accordingly, we affirm the summary denial of the postconviction motion.

*Affirmed.*

WARNER, GERBER and CONNER, JJ., concur.

*           *           *

***Not final until disposition of timely filed motion for rehearing.***