DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID DAVIDIAN** and **IRMA DAVIDIAN,**
Appellants,

v.

**JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST BY PURCHASE FROM THE FDIC AS RECEIVER OF WASHINGTON MUTUAL BANK, FA,**
Appellee.

No. 4D14-2431

[October 7, 2015]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Eli Breger, Senior Judge, Judge; L.T. Case No. 502013CA006170XXXXMB.

Margery E. Golant, Stuart M. Golant, and Richard R. Widell of Golant & Golant, P.A. (withdrawn as counsel after filing brief), and David Davidian and Irma Davidian, Boca Raton, pro se.

William L. Grimsley of McGlinchey Stafford, Jacksonville, for appellee.

PER CURIAM.

Irma and David Davidian (the Davidians) appeal a trial court order denying their motion to quash summons and motion to quash service of process. This is a non-final appeal. Fla. R. App. P. 9.130(a)(3)(C)(i).[1] We affirm, and write to address the issues raised here because this Court has received numerous other appeals raising the same or similar issues recently.

**Background**

---

[1] A number of appeals to this court in other foreclosure cases involving challenges to service of process similar or identical to those raised here have been resolved by per curiam affirmance without opinion, including: 4D14-3657; 4D14-2805; 4D14-2536; 4D14-1725; 4D14-1335; 4D13-1983; and 4D13-4544.

In this case, Irma Davidian executed a promissory note in 2007 and David Davidian joined her in executing a mortgage securing payment of that note. They allegedly defaulted in payment and appellee JP Morgan Chase Bank, National Association (the Bank) filed a foreclosure complaint against them in 2013. Timothy A. Toomey, Certified Process Server, completed returns of service for both Davidians, stating on those documents that the summons and complaint, *lis pendens,* and a notice from the court regarding foreclosure lawsuits were served on them at 8:30 p.m. on June 25, 2013. He described the Davidians by race, height, weight, and hair color. At the bottom of the return of service was a verification stating: "'Under penalty of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.' F.S. 92.525."

The Davidians moved to quash the summons and to quash service of process. The trial court held an evidentiary hearing on the motions which included legal argument as well. The trial court denied the motions to quash, resulting in this appeal. The Davidians raise five separate points on appeal in which they challenge the propriety of service on them.

**Standard of Review**

To the extent the trial court's rulings are based on legal issues, review on appeal is *de novo. Robles-Martinez v. Diaz, Reus & Targ, LLP,* 88 So. 3d 177, 179 (Fla. 3d DCA 2011); *Hernandez v. State Farm Mut. Auto. Ins. Co.,* 32 So. 3d 695, 698 (Fla. 4th DCA 2010). Review of trial court rulings on the admission of evidence calls for a determination of whether the court abused its discretion. *Clark Well Drilling, Inc. v. N.-S. Supply, Inc.,* 44 So. 3d 149, 151 (Fla. 4th DCA 2010). The reviewing court will defer to the factual findings of the court if supported by substantial, competent evidence. *Diwakar v. Montecito Palm Beach Condo. Ass'n,* 143 So. 3d 958, 962 (Fla. 4th DCA 2014).

> The burden of proving proper service of process falls upon the party invoking the court's jurisdiction, and the return of service is evidence of whether service was validly made. If the return is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence.

*Bank of Am., N.A. v. Bornstein,* 39 So. 3d 500, 503 (Fla. 4th DCA 2010) (quoting *Re-Employment Servs., Ltd v. Nat'l Loan Acquisitions Co.,* 969 So. 2d 467, 471 (Fla. 5th DCA 2007)). Statutes governing service must be

strictly construed.  *Id.* at 502.

## Analysis

The Davidians first argue that the returns of service were hearsay, defined as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted."  § 90.801(1), Fla. Stat. (2015).  The trial court properly rejected this challenge.  The exception to hearsay for public records applies to the returns of service here.  *See Cordova v. State*, 675 So. 2d 632, 637 (Fla. 3d DCA 1996) (holding that a return of service was hearsay but admissible under the public records exception in section 90.803(8), Florida Statutes).

The Bank also contends that the returns of service were admissible on the alternative ground that they qualified under the exception to the hearsay rule for records of regularly conducted business activity.  § 90.803(6)(a), Fla. Stat. (2015).  At the evidentiary hearing, Toomey supplied the testimony required to demonstrate the elements of this exception to hearsay.  He testified that the returns of service were based on his field notes on his actual service efforts.  He said it was the regular practice of the office staff where he worked to generate the affidavit and return of service, made in the ordinary course of business.  Therefore, the court below properly rejected that claim.

The Davidians' second claim is that no evidence was presented to demonstrate that the returns of service complied with section 48.21(1), Florida Statutes (2015), which provides:

> Each person who effects service of process shall note on a return-of-service form attached thereto, the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served and, if the person is served in a representative capacity, the position occupied by the person.  The return-of-service form must be signed by the person who effects the service of process.  However, a person employed by a sheriff who effects the service of process may sign the return-of-service form using an electronic signature certified by the sheriff.

The return of service documents for the Davidians were in full compliance with this statute, stating the date and time the documents came to the server, when he served it, the manner of service and on whom service was made.  To the extent the Davidians claimed lack of evidence of

3

compliance with section 48.031(5), Florida Statutes (2015), the record refuted this as well. This section required the process server to place, on the first page of at least one of the processes served, the date and time of service, his identification and initials. This appeared in the summonses for the Davidians.

The Davidians' third argument was that there was no evidence that the returns of service were regular on their face. Florida law provides that a return of service that is regular on its face is presumptively valid unless clear and convincing evidence is presented to the contrary. *Bornstein*, 39 So. 3d at 503 (quoting *Re-Employment Servs.*, 969 So. 2d at 470). In this case, the returns of service were regular on their face. They contained the information statutorily required. They were shown to comply with section 48.031 and 48.21, Florida Statutes (2015). Thus, the burden shifted to the Davidians to present clear and convincing evidence to the trial court to overcome the presumption of proper service. The trial court did not err to the extent it recognized this shifting of burden.

The Davidians' reliance on *Romeo v. U.S. Bank National Ass'n*, 144 So. 3d 585 (Fla. 4th DCA 2014), is misplaced. The affidavits of service in that case were inaccurate in several respects and thus not regular on their face.

This leads to the Davidians' fourth argument, that service was defeated by Irma's affidavit and testimony that she was not present for service by Toomey. However, the returns of service provided to the contrary, and Toomey testified that the returns were accurate. They provided that both Davidians were individually and personally served. This presented a factual issue for the trial court to determine, including an issue of credibility of witnesses. Ordinarily such determinations are not disturbed on appeal. *See Diaz v. State*, 132 So. 3d 93, 121 (Fla. 2013).

Finally, the Davidians argued that the process server failed to comply with section 48.031(1)(a), Florida Statutes (2015), because he failed to inform them of the contents of the papers he was serving on them. David Davidian testified to this at the evidentiary hearing. Section 48.031(1)(a) provides:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

4

The Bank argues that the statute requires the server to inform the person of the contents only if delivery is made by substitute service, and there is no such requirement if service is made by delivery of a copy to the person to be served. Support for this construction appears in one case issued well before this statute, *Barwick v. Rouse*, 43 So. 753, 753 (Fla. 1907) (holding that "when another than the defendant himself is served, the law is not satisfied by merely delivering a true copy of the writ. It is further required that such other person be informed of the contents thereof"), and in another decided under the statute, *Vidal v. Sun Trust Bank*, 41 So. 3d 401, 403 (Fla. 4th DCA 2010) (noting that when a defendant is not personally served, "the statute requires that the process server orally inform the person who receives service of the contents of the complaint. These requirements ensure that notice is conveyed to the defendant.").

Moreover, the Bank pointed out that the returns of service provided that Toomey served the Davidians and informed them of the contents of the papers being served. Toomey further testified at the evidentiary hearing that while he could not remember this particular case, his general practice was to do so. We therefore find the Davidians' final argument without merit.

## Conclusion

The trial court's decision to deny the Davidians' motion to quash summons and service of process was appropriate and supported by the pertinent statutory provisions and case law. Accordingly, we affirm.

*Affirmed.*

GROSS, LEVINE and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***