DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JANET MAURO** and **DENNIS QUINN,**
Appellants,

v.

**WELLS FARGO BANK, N.A.,**
Appellee.

No. 4D14-1993

[December 2, 2015]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge; L.T. Case No. 2013CA002706MB AW.

Richard R. Widell, Margery E. Golant, and Stuart M. Golant of Golant & Golant, P.A., Boca Raton, for appellants.

Jessica Zagier Wallace of Carlton Fields Jorden Burt, P.A., Miami, and Michael K. Winston and Dean A. Morande of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellee.

PER CURIAM.

We affirm the circuit court's order denying the defendants' motion to quash service of process in the underlying foreclosure case. This court has rejected the same or similar arguments in numerous other appeals. *See Davidian v. JP Morgan Chase Bank*, 4D14-2431, 2015 WL 5827124, *1 n.1 (Fla. 4th DCA Oct. 7, 2015).

The defendants' argument that the circuit court could not rely on the sworn returns of service is devoid of any arguable merit. The law is well-settled that "[t]he return of service is the instrument a court relies on to determine whether jurisdiction over an individual has been established." *Koster v. Sullivan*, 160 So. 3d 385, 388 (Fla. 2015). As we recognized in *Davidian* and the cases cited therein, a return of service is not subject to exclusion on hearsay grounds. The circuit court properly relied on the returns in this case, which were sworn and contained all the information which section 48.21(1), Florida Statutes (2012), requires:

> Each person who effects service of process shall note on a return-of-service form attached thereto, the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served and, if the person is served in a representative capacity, the position occupied by the person. The return-of-service form must be signed by the person who effects the service of process. However, a person employed by a sheriff who effects the service of process may sign the return-of-service form using an electronic signature certified by the sheriff.

§ 48.21(1), Fla. Stat. (2012).

The return of service is evidence of whether service validly was made, and where the return is regular on its face, service is presumed valid, and the challenging party must overcome the presumption with clear and convincing evidence. *Bank of Am., N.A. v. Bornstein,* 39 So. 3d 500, 503 (Fla. 4th DCA 2010) (citation omitted). The defendants did not overcome the presumption in this case.

We also reject the defendants' argument that service was invalid because the process server did not sufficiently inform them of the contents of the papers being served or who had filed the suit. Because this argument is treated slightly differently as to each of the two defendants, we address each defendant's argument in turn.

First, as to defendant Quinn, who was served personally, the statute does not require the server to inform him of the contents. This requirement applies only where substitute service is made on another resident at the place of service:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper *or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. . . .*

§ 48.031(1)(a), Fla. Stat. (2012) (emphasis added).

Second, as to defendant Mauro, who was served via substitute service on defendant Quinn (her husband), the process server testified that, pursuant to his usual practice, he told Quinn he was serving a summons

and complaint which needed to be responded to within twenty days. Section 48.031(1)(a) requires no further specificity.

*Affirmed.*

STEVENSON, TAYLOR and GERBER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**