DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES MATTHEWS** and **ROBERTA MATTHEWS,**
Appellants,

v.

**U.S. BANK, NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO WILMINGTON TRUST COMPANY, SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR LXS 2007-6 TRUST FUND, INC.,**
Appellee.

No. 4D15-3942

[June 29, 2016]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Judge; L.T. Case No. 50-2014CA003007XXXXMB (AW).

Richard R. Widell, Margery E. Golant and Stuart M. Golant of Golant & Golant, P.A., Boca Raton, for appellants.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Eric M. Levine of Akerman, LLP, West Palm Beach, for appellee.

GROSS, J.

James and Roberta Matthews appeal the September 22, 2015 order denying their motion to quash service of process in a foreclosure case. We affirm the circuit court and hold that the return of service complied with the applicable Florida Statute.

U.S. Bank filed an action to foreclose a mortgage against the Matthews and two other defendants in March 2014. On April 12, 2014 at 1:15 p.m., a process server served James personally with the summons and complaint in Rumson, New Jersey and served him with substituted service for his wife, Roberta, who resides with him.

On December 15, 2014, the Matthews filed a verified motion to quash service of process. The motion mistakenly avers that the alleged service of process occurred in <u>Michigan</u>. Also, a paragraph in the motion stated that "the purported service [was] upon VIRGINIA SORY BROWN." In their verification to the motion, James and Roberta stated "[u]nder penalties of perjury" that the facts stated in the motion were "true."

The motion raised four grounds to quash service: (1) the process server was not authorized to serve process; (2) the process server never advised defendants of the contents of the papers served; (3) the returns of service did not comply with Florida law; and (4) the process server did not place the required information on the summonses. The motion was supported by affidavits from James and Roberta, which averred that they could not read the process server's initials on the summonses and that the server never informed James of the contents when giving him the papers.

On September 15, 2015, the court conducted an evidentiary hearing on the motion to quash service of process. The circuit court began by observing that the returns of service were regular on their face, so the burden had shifted to the movants. The Matthews objected that the returns were hearsay, a proposition that this Court later rejected in *Davidian v. JP Morgan Chase Bank*, 178 So. 3d 45, 47-48 (Fla. 4th DCA 2015). The circuit court properly rejected the hearsay roadblock and ruled that the returns were regular on their face.

James testified that he was served in his driveway. A car pulled up. A man walked up and asked if he was James Matthews. After James confirmed his identity, the man handed him a pile of papers. He said nothing further except "have a good day."

Matthews identified the summons he received from the process server and the handwritten notations on it. He could not read the first notation, but the date and time were noted. He testified similarly as to the notations that were on the summons for his wife.

On cross-examination, the bank's counsel questioned James about the misstatements in the sworn motion–that service occurred in Michigan and the reference to an unknown person, Ms. Virginia Sory Brown. James admitted that he "most likely" had not read the document. "I just signed it because my attorney said it's something that needs to be signed." He confirmed that the verification stated, "under penalty of perjury," that he had read the document. On redirect, James blamed the misstatements in the sworn motion on "scrivener's errors" attributable to his attorneys.

The circuit court denied the Matthews' motion to quash. By written order, the court ruled that the returns were regular on their face, which placed the burden on the movants to establish by clear and convincing evidence that service was invalid.

The order further found that the handwritten notations on the summonses were proper, as they contained the initials of the process server, along with the time and date of service. No identification number was noted, but process was served out-of-state. There was no indication that New Jersey law required a process server to have an identification number. No testimony was presented on this issue, so the court concluded that defendants had failed to meet their burden of establishing invalid service.

As to the process server's supposed failure to advise James of the contents of the papers, the court concluded that this requirement applies only to substituted service, not personal service. The return specifically states that James Matthews was informed of the contents when he was served with substituted service for his wife. The court found James's contrary testimony to lack credibility.

The service of process statutes are "strictly construed and enforced" consistently with their purpose, which "is to give the person affected notice of the proceedings and an opportunity to defend his rights." *Shurman v. Atl. Mortg. & Inv. Corp.,* 795 So. 2d 952, 954 (Fla. 2001); *see also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (stating that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

"The return of service is the instrument a court relies on to determine whether jurisdiction over an individual has been established." *Koster v. Sullivan*, 160 So. 3d 385, 388 (Fla. 2015), *cert. denied*, 136 S. Ct. 164 (2015). Section 48.21, Florida Statutes (2014), identifies "four facts that a return of process *shall* note:"

> (1) the date and time that the pleading comes to hand or is received by the process server, (2) the date and time that process is served, (3) the manner of service, and (4) the name of the person served and, if the person is served in a representative capacity, the position occupied by the person.

*Koster*, 160 So. 3d at 389 (emphasis in original).

A plaintiff seeking to "invoke the court's jurisdiction bears the burden of proving proper service," which requires a showing that the return of service is "facially valid or regular on its face." *Id.* "If the return is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence." *Id.* (quoting *Re–Emp't Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471 (Fla. 5th DCA 2007)). Thus,

> a defendant cannot impeach a summons by simply denying service, but must present "clear and convincing evidence" to corroborate his denial of service. *Slomowitz v. Walker*, 429 So. 2d 797, 799 (Fla. 4th DCA 1983). Clear and convincing evidence requires that the witnesses to a fact be credible; the facts testified to must be distinctly remembered; the details must be narrated exactly and in order; the testimony must be clear, direct and weighty; and the witnesses must be lacking in confusion as to the facts in issue.

*Lazo v. Bill Swad Leasing Co.*, 548 So. 2d 1194, 1195 (Fla. 4th DCA 1989).

Here, the returns of service are regular on their face as they contain the four facts required by section 48.21: (1) the process server received the pleadings on March 28, 2014 at 10:30 a.m.; (2) process was served on April 12, 2014 at 1:15 p.m.; (3) & (4) James Matthews was individually served and Roberta Matthews was served by substituted service on James Matthews, her spouse. Pursuant to *Koster*, nothing more was required of the returns. 160 So. 3d at 389.

The returns gave rise to a presumption of valid service, and the burden was on James and Roberta to present clear and convincing evidence that service was invalid.

On appeal, Matthews raises four claims:

1. The affidavit of service filed by the process server is invalid.

2. The process server's initials on the documents are illegible.

3. The process server did not inform James of the contents.

4. The burden should not have been shifted.

Our discussion of the first three claims establishes that the trial court properly shifted the burden of proof because the affidavits of service were

- 4 -

facially sufficient.  Thus, we will not discuss the fourth claim further.  The remaining three claims lack merit, and the first is frivolous.

*Appellee's sworn affidavit of service complied with section 48.194, Florida Statutes, for out-of-state service.*

Section 48.194, Florida Statutes (2014), provides:

Personal service outside state.—

> (1) Except as otherwise provided herein, service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required.  **An affidavit of the officer shall be filed, stating the time, manner, and place of service**.  The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made.

(Emphasis added).

Appellants argue that the returns of service, which are titled "Affidavit of Service," cannot be relied on "because they are not sworn, and because the declarant does not assume the obligations of an oath."

This claim is belied by the affidavits, which are signed by the process server and state:  "I hereby certify that I am not a party to the above action or suit and I am over the age of 18 years and the above affidavit is true and correct."  Additionally, each affidavit is notarized by a New Jersey Notary Public, Dawn Rodrigues, who states that the document was "[s]worn to or affirmed and signed before me this 13 day of April 2014."  New Jersey notary publics are authorized to administer oaths.  N.J. STAT. ANN. § 41:2-1 (West 2015).

Appellants rely on *Placide v. State*, 189 So. 3d 810 (Fla. 4th DCA 2015), but that case concerned an unnotarized affidavit claimed as newly discovered evidence in a postconviction relief proceeding under Florida Rule of Criminal Procedure 3.850.  The statement in *Placide* was not sworn before a notary public and did not qualify as an unnotarized, written declaration under section 92.525(2), Florida Statutes. *Id.*  The statement was deficient because it did not state that it was made under penalty of perjury and used the qualifying language that the information was true "to the best of my information, knowledge, and belief." *Id.*  Unlike the affidavit

in this case, the document in *Placide* was not sworn before a person authorized to administer oaths. *Id.*

Appellant's argument on this point is frivolous. There is no arguable basis for an attorney to contend that the affidavit here, which was sworn before a notary public, is not an "affidavit" under the above statute.

*The summonses contained the notations required by section 48.031(5), Florida Statutes*

Appellants' next argument concerns section 48.031(5), which provides: "A person serving process shall place, on the first page of at least one of the processes served, the date and time of service and his or her identification number and initials for all service of process." § 48.031, Fla. Stat. (2015). Appellants contend that the summonses contain illegible handwritten notations.

Our review of the notations reveals that the initials begin with the letter "R" and end with the letter "C," which correspond to the process server's name.

Appellants insist that service should be invalidated because the process server's initials are illegible and because no identification number was noted. They rely on *Vidal v. SunTrust Bank*, 41 So. 3d 401 (Fla. 4th DCA 2010), where this Court reversed the denial of a motion to quash service of process because the process server did not note the time of service on the complaint.

In *Vidal*, this Court recognized that this requirement has no due process implication but nevertheless required strict compliance with this aspect of the service of process statute.

> Although no case has ever dealt with the failure to include the notation of time of service on the copy of the complaint left with the served party, the Legislature has deemed it to be a requirement of service. As strict compliance with all of the statutory requirements for service is required, the failure to comply with the statutory terms means that service is defective, resulting in a failure to acquire jurisdiction over the defendant.

*Id.* at 403. *Vidal*, however, does not support invalidating service because the process server has poor penmanship.

Regarding the lack of an identification number, we note that process was served in New Jersey. There is nothing in the record to indicate that New Jersey licenses process servers or that the process server had an identification number. *See* N.J. CT. R. 4:4-3 ("Summonses shall be served, together with a copy of the complaint, by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or by *any other competent adult not having a direct interest in the litigation.*") (emphasis supplied).

The burden was on appellants to show by clear and convincing evidence that service was invalid. The trial court properly concluded that appellants did not carry that burden as to this claim.

*The alleged failure to have been advised of the contents does not invalidate service*

Appellants next claim that the process server failed to advise them of the content of the papers. Section 48.031(1)(a) provides in pertinent part:

> (1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and **informing the person of their contents**.

(emphasis supplied). Appellants recognize that *Davidian v. JP Morgan Chase Bank,* 178 So. 3d at 49, rejected the argument that this requirement applies when an individual is personally served. 178 So. 3d at 49.

Nevertheless, they contend that it applies to the substituted service on Roberta. However, the return of service states that the server served James Matthews with the papers and informed him "of their contents, pursuant to F.S. 48.031."

Although James testified that the process server said nothing else other than "have a nice day," the trial court was not required to believe this testimony. As the trial court delicately put it, James' "credibility was lessened" by his admission that his affidavit contained a false statement. Appellants failed in their burden to overcome the presumption of valid service by clear and convincing evidence. We note that the statutory requirement of informing about the "contents" of the "complaint, petition, or other initial pleading" requires nothing more than saying that the papers contain a lawsuit and not a microanalysis of the causes of action

or other legal issues involved.  *See Mauro v. Wells Fargo Bank, N.A.*, 180 So. 3d 1083, 1085 (Fla. 4th DCA 2015).

*Affirmed.*

DAMOORGIAN and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***