IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIAM E. PACE, TRUSTEE
OF THE EARL H. PACE
IRREVOCABLE TRUST,

       Appellant,

 v.

Case No. 5D16-748

BANK OF NEW YORK MELLON TRUST
COMPANY NATIONAL ASSOCIATION
F/K/A BANK OF NEW YORK TRUST
COMPANY, N.A AS SUCCESSOR TO
JPMORGAN CHASE BANK, N.A.,
AS TRUSTEE FOR RESIDENTIAL ASSET
MORTGAGE PRODUCTS, ETC.,

       Appellee.
_____/

Opinion filed August 11, 2017

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

Dennis E. Winesett, of Law Office of Dennis
E. Winesett, Orlando, for Appellant.

Diana B. Matson and Joshua R. Levine, of
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC, Fort Lauderdale, and
Michael W. Smith, of Baker, Donelson,
Bearman, Caldwell & Berkowitz, PC,
Orlando, for Appellee.

BERGER, J.

William E. Pace (Trustee), trustee of the Earl H. Pace Irrevocable Trust (Trust), appeals the trial court's order granting summary judgment on Trustee's three-count counterclaim in favor of Bank of New York Mellon Trust Co., N.A. (Bank), acting as trustee for Residential Asset Mortgage Products. The order granting summary judgment dismissed the entire counterclaim with prejudice and without leave to amend. We affirm the dismissal of counts two[1] and three.[2] However, because the trial court erred in finding that Trustee's counterclaim, alleging tortious interference, with a business relationship was barred by the litigation privilege based on Bank's claim of absolute immunity, we reverse the order granting summary judgment on count one.

In December 2007, Bank filed a foreclosure complaint against property owned by the Trust in Cocoa Beach, Florida. As the Trust had leased the property to multiple tenants, Bank named these tenants as defendants and served them with process along with Trustee and the other parties.

---

[1] See Perl v. Omni Int'l of Miami, Ltd., 439 So. 2d 316, 317 (Fla. 3d DCA 1983) (concluding that fraud count in complaint based on earlier unemployment compensation case was barred by litigation privilege (citing Robertson v. Indus. Ins. Co., 75 So. 2d 198, 199 (Fla. 1954))).

[2] See LatAm Invs., LLC v. Holland & Knight, LLP, 88 So. 3d 240, 242-43 (Fla. 3d DCA 2011) (holding litigation privilege applied to action for abuse of process (citing Am. Nat'l Title & Escrow of Fla. v. Guar. Title & Tr. Co., 748 So. 2d 1054, 1055 (Fla. 4th DCA 2000))). Although count three is actually a claim for malicious prosecution rather than abuse of process, see Yoder v. Adriatico, 459 So. 2d 449, 450 (Fla. 5th DCA 1984), count three remains subject to dismissal despite the Florida Supreme Court's determination in Debrincat v. Fischer, 217 So. 3d 68, 70-71 (Fla. 2017), that such claims are not barred by the litigation privilege. An element of malicious prosecution is the termination of the original proceeding in favor of the party asserting that it was malicious. See Debrincat, 217 So. 3d at 70 (quoting Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994)); Yoder, 459 So. 2d at 450-51. Consequently, malicious prosecution claims cannot be brought in a counterclaim in the original proceeding. See Yoder, 459 So. 2d at 451.

Eventually, Trustee filed an answer along with affirmative defenses and the three-count counterclaim. Count one alleged tortious interference with the Trust's business relationships with its tenants on the property. Specifically, Trustee alleged that when Bank served process on the tenants, Bank's process server demanded to inspect the property, told the tenants they would soon need a new place to live, and encouraged the tenants to withhold paying rent to the Trust. Trustee further alleged that the Trust's tenants ceased paying rent to the Trust and refused to vacate the property. Count two alleged fraud and asserted that Bank was aware it did not have standing to file the foreclosure complaint and that it filed false affidavits, indorsements, and assignments with the trial court in support of its claim. Count three was titled abuse of process. In count three, Trustee alleged that Bank's filing of the foreclosure complaint was a malicious and frivolous abuse of process because Bank was aware that it did not have standing to foreclose.

Bank asserted absolute immunity under the litigation privilege as an affirmative defense to all three counts in Trustee's counterclaim and filed a motion for summary judgment primarily on that basis. The trial court granted the motion for summary judgment and dismissed the counterclaim with prejudice. Trustee asserts that this was error, arguing that the litigation privilege does not apply to his counterclaim.

Statements or acts are covered by absolute immunity under the litigation privilege if they are (1) made or committed in the course of judicial or quasi-judicial proceedings and (2) are "connected with, or relevant or material to, the cause in hand or subject of inquiry." DelMonico v. Traynor, 116 So. 3d 1205, 1212 (Fla. 2013) (quoting Myers v. Hodges, 44 So. 357, 361 (Fla. 1907)); accord Echevarria, McCalla, Raymer, Barrett &

3

Frappier v. Cole, 950 So. 2d 380, 383-84 (Fla. 2007); Kidwell v. Gen. Motors Corp., 975 So. 2d 503, 505 (Fla. 2d DCA 2007). Absolute immunity shields statements by judges, counsel, parties, and witnesses during the proceedings. See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994) (citing Fridovich v. Fridovich, 598 So. 2d 65 (Fla. 1992)); Myers, 44 So. at 360-61. Absolute immunity covers ongoing litigation and "conduct that is 'necessarily preliminary' to judicial proceedings." AGM Invs., LLC v. Bus. Law Grp., P.A., 219 So. 3d 920, 924 (Fla. 2d DCA 2017) (quoting Fridovich, 598 So. 2d at 66).

In count one, the tortious interference with business relationships claim alleges two acts of interference. The first act was filing the foreclosure complaint. The second act involved the process server's alleged comments to Trust's tenants. In the context of a tortious interference with business relationships claim, the act of filing the complaint is subject to absolute immunity under the litigation privilege. See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., 639 So. 2d at 608 (finding that litigation privilege accords absolute immunity in regards to filing complaint for tortious interference with business relationship). However, Bank's process server's alleged comments to the tenants are not covered by absolute immunity under the litigation privilege because they were unnecessary to effectuate service of process. See § 48.031(1)(a), Fla. Stat. (2008); Matthews v. U.S. Bank, Nat'l Ass'n, 197 So. 3d 1140, 1145-46 (Fla. 4th DCA 2016) (noting that even when process server leaves papers with another resident at party's residence and is required to provide information about the contents of the papers, process server need only inform recipient that the papers contain a lawsuit (citing Mauro v. Wells Fargo Bank, N.A., 180 So. 3d 1083, 1085 (Fla. 4th DCA 2015))).

4

Although statements and acts that are not covered by absolute immunity under the litigation privilege may still be protected by qualified immunity under the litigation privilege if they are pertinent to the judicial proceeding, see DelMonico, 116 So. 3d at 1213-14, 1217-20, we decline to reach the qualified immunity issue because it was not raised below. See AGM Invs., LLC, 219 So. 3d at 927 n.5.

Accordingly, we reverse the trial court's order granting summary judgment on count one and remand for further proceedings.[3] In all other respects, we affirm.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

ORFINGER and WALLIS, JJ., concur.

---

[3] Bank's argument that the grant of summary judgment should be affirmed based on the affidavit of its process server is without merit as the affidavit is limited to the process server's general practices, does not explicitly state that the affiant was the one who actually served process on the tenants, and it contains no claims about what actually happened when the tenants were served, which in the summary judgment context amounts to nothing more than factual conclusions. See Johns v. Dannels, 186 So. 3d 620, 622 (Fla. 5th DCA 2016) ("An affidavit in support of summary judgment may not be based on mere conclusions of fact or law." (citing Dep't of Fin. Servs. v. Associated Indus. Ins. Co., 868 So. 2d 600, 602 (Fla. 1st DCA 2004))); TSI Se., Inc. v. Royals, 588 So. 2d 309, 310 (Fla. 1st DCA 1991).